William Turley, Esq. (122408)
David Mara, Esq. (230498)
Jill Vecchi, Esq. (299333)
**THE TURLEY & MARA LAW FIRM, APLC**
7428 Trade Street
San Diego, California 92121
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for Alphonso Little & Shantel Gates
on behalf of themselves, all others similarly situated,
and on behalf of the general public.

Kevin T. Barnes, Esq. (138477)
Gregg Lander, Esq. (194018)
**LAW OFFICES OF KEVIN T BARNES**
5670 Wilshire Blvd, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Emil Davtyan, Esq. (299363)
**DAVTYAN PROFESSIONAL LAW CORP.**
21900- Burbank Blvd, Suite 300
Woodland Hills, CA 91367
Tel: (818) 992-2935
Facsimile: (818) 975-5525

Attorneys for Alphonso Little & Shantel Gates on
behalf of herself and others similarly situated, and on
behalf of the general public

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALFONSO LITTLE and SHANTEL GATES on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>GATE GOURMET, INC. and DOES 1-100,<br><br>Defendants. | Case No.  3:16-cv-01084<br><br>**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**<br><br>1)  **Failure to Pay All Straight Time Wages;**<br>2)  **Failure to Pay Overtime;**<br>3)  **Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code Regs., tit. 8 § 11090);**<br>4)  **Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090);**<br>5)  **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);**<br>6)  **Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203);**<br>7)  **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).**<br>8)  **Failure to Reimburse Business Expenses (Lab. Code §§ 221, 2802)**<br>9)  **Penalties pursuant to Labor Code §2699**<br>10) **Failure to Pay Wages Under Fair Labor Standards Act ("FLSA")**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs ALFONSO LITTLE and SHANTEL GATES (hereafter, "Plaintiffs"), on behalf of themselves, all others similarly situated, and on behalf of the general public, complain of Defendants and/or DOES and for causes of action and allege:

1.      This is a class action pursuant to *California Code of Civil Procedure* section 382 on behalf of  Plaintiffs and all non-exempt workers who are presently or formerly employed by GATE GOURMET, INC. and/or DOES and/or its subsidiaries or affiliated companies and/or predecessors and/or DOES, within the State of California.

2.      At all times during the liability period, GATE GOURMET, INC. and/or DOES have conducted business in San Diego County and elsewhere within California.

3.      At all times mentioned herein, GATE GOURMET, INC. and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees (hereinafter, the "Non-Exempt Employees").

4.      At all times mentioned herein, the common policies and practices of GATE GOURMET, INC. and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the *California Labor Code*, as set forth more fully within.

5.      For at least four years prior to the filing of this action and through to the present, Defendants GATE GOURMET, INC. and/or DOES have had a consistent policy and/or practice of not paying the Non-Exempt Employees for all of the hours they worked.

6.      For at least four years prior to the filing of this action and through to the present, Defendants GATE GOURMET, INC. and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to the Non-Exempt Employees, as mandated under the *California Labor Code* and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

7.      For at least four years prior to the filing of this action and through to the present, Defendants GATE GOURMET, INC. and/or DOES have had a consistent policy of requiring the Non-Exempt Employees to work through meal periods and/or work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the

meal period is not provided, or other compensation, as required by California's state wage and hour laws, and, including but not limited to, automatically deducting a half hours pay from their wages.

8. For at least four years prior to filing of this action and through the present, Defendants GATE GOURMET, INC. and/or DOES did not have a policy of allowing the Non-Exempt Employees who worked greater than ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes, as required by the applicable IWC Wage Order.

9. For at least four years prior to the filing of this action and through to the present, Defendants GATE GOURMET, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

10. For at least four years prior to the filing of this action and through to the present, Defendants GATE GOURMET, INC. and/or DOES have had a consistent policy and/or practice of requiring the Non-Exempt Employees to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

11. For at least four years prior to the filing of this action and through to the present, Defendants GATE GOURMET, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide the Non-Exempt Employees  with accurate itemized employee wage statements.

12. For at least four years prior to the filing of this action and through to the present, Defendants GATE GOURMET, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to the Non-Exempt Employees who left Defendants GATE GOURMET, INC. and/or DOES' employ, or who were terminated.

13. For at least four years prior to the filing of this action and through to the present, GATE GOURMET, INC.

CONSOLIDATED CLASS
ACTION COMPLAINT

3

and/or DOES, by failing to lawfully pay the Non-Exempt Employees all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of *California Business and Professions Code* section 17200, *et seq.*

14. GATE GOURMET, INC. and/or DOES' business is staffed, *inter alia*, by hourly employees that are truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or any similar hourly job designation or title, employed by Defendants in San Diego County and throughout the State of California.

15. Throughout the statutory period, the Non-Exempt Employees were employed by Defendants GATE GOURMET, INC. and/or DOES as industrial truck workers, industrial vehicle workers, and/or food preparation workers and/or other hourly employees with similar job titles or designations.

16. Throughout the statutory period, the Non-Exempt Employees were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the *California Labor Code*, and the implementing rules and regulations of the IWC Wage Orders.

17. Throughout the statutory period, the Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

18. GATE GOURMET, INC. and/or DOES failed to comply with *California Labor Code* section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by the Non-Exempt Employees. The Non-Exempt Employees are entitled to penalties not to exceed $4,000 for each employee pursuant to *California Labor Code* section 226(b).

19. GATE GOURMET, INC. and/or DOES have failed to comply with IWC Wage Order No. 9-2001, subsection 7 by failing to maintain time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by the Non-Exempt Employees.

20. GATE GOURMET, INC. and/or DOES' failure to retain accurate records of total hours worked by the Non-Exempt Employees was willful and deliberate, was a continuous breach of GATE GOURMET, INC. and/or DOES' duty owed to Plaintiffs and the proposed class.

21. Throughout the statutory period, the Non-Exempt Employees were not timely paid all wages owed to them

at the time of termination.

22.     Defendants GATE GOURMET, INC. and/or DOES are and were aware that the Non-Exempt Employees were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendants' and/or DOES' denial of wages and other compensation due to the Non-Exempt Employees was willful and deliberate.

23.     Defendants GATE GOURMET, INC. and/or DOES each and collectively controlled the wages, hours, and working conditions of the Non-Exempt Employees, creating a joint-employer relationship over Plaintiffs and the Class they seek to represent.

24.     Plaintiffs, on behalf of themselves and the Non-Exempt Employees, bring this action pursuant to the Fair Labor Standards Act ("FLSA"), as amended,  29 U.S.C. Section 201 and pursuant to *California Labor Code* sections 226, subd. (b), 226.7. 510, 512, 558, 1194, 2802,  2699, et seq. and *California Code of Regulations*, Title 8, section 11090, seeking unpaid wages, overtime, meal and rest period compensation, penalties, expense reimbursement, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

25.     Plaintiffs, on behalf of themselves and all putative Class Members of GATE GOURMET, INC. and/or DOES' non-exempt employees, pursuant to *California Business and Professions Code* sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits GATE GOURMET, INC. and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, meal and rest period compensation and failure to reimburse expenses.

///

///

## I.     VENUE

26.     Venue as to each Defendant, GATE GOURMET, INC. and/or DOES, is proper in this judicial district, pursuant to *California Code of Civil Procedure* section 395. Defendants GATE GOURMET, INC. and/or DOES conduct business and commit Labor Code violations within San Diego County, and each Defendant and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within San Diego

CONSOLIDATED CLASS
ACTION COMPLAINT

5

County. Defendants GATE GOURMET, INC. and/or DOES employ numerous Class Members who work in San Diego County, in California.

## II.    PARTIES

**A.    Plaintiffs**.

27.    At all relevant times herein, Plaintiffs Alfonso Little and Shantel Gates are and were residents of California. At all relevant times herein, they were employed by Defendants GATE GOURMET, INC. and/or DOES within the last four years as a non-exempt employee at GATE GOURMET, INC. and/or DOES in California.

28.    On information and belief, Plaintiffs and the Non-Exempt Employees experienced Defendants' GATE GOURMET, INC. and/or DOES' common company policies of failing to pay all straight time and overtime wages owed.

29.    On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' GATE GOURMET, INC. and/or DOES' common company policies of illegally deducting wages from employees and failing to reimburse reasonable business expenses.

30.    On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' GATE GOURMET, INC. and/or DOES' common policies and/or practices of failing to pay all straight time and overtime wages owed, auto-meal deduct, and providing no meal periods to employees working at least five (5) hours or any additional meal periods for working in excess of ten (10) hours, or compensation in lieu thereof.

31.    On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' GATE GOURMET, INC. and/or DOES' common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fraction thereof.

32.    On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' GATE GOURMET, INC. and/or DOES' common company policies of failing to provide the Non-Exempt Employees with accurate itemized wage statements. On information and belief, Defendants and/or DOES' failure to provide to their Non-Exempt Employees, including Plaintiffs, with accurate itemized wage statements was willful.

33.    On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants' GATE GOURMET, INC. and/or DOES' common company policies of failing to timely compensate the Non-Exempt Employees all wages owed upon termination. On information and belief, Defendants and/or DOES' failure to pay Non-Exempt Employees, including Plaintiffs, in a timely manner, compensation owed to them upon termination of their employment with GATE GOURMET, INC. and/or DOES was willful.

34.    On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants GATE GOURMET, INC. and/or DOES' fraudulent and deceptive business practices within the meaning of *California Business and Professions Code* section 17200, *et seq.*

35.    Plaintiffs and the proposed class they seek to represent are covered by, inter alia, IWC Wage Order No. 9-2001 Nos. 9-1998, 9-2000, and 9-2001, and *California Code of Regulations*, Title 8, §11090.

**B.    Defendants**.

36.    GATE GOURMET, INC. and/or DOES at all times during the liability period have conducted business in San Diego County and elsewhere within California. At these work sites and throughout California, Defendants GATE GOURMET, INC. and/or DOES have, among other things, employed persons as Non-Exempt Employees.

37.    GATE GOURMET, INC. and/or DOES' employed Plaintiffs and the Non-Exempt Employees throughout the statutory liability period.   On information and belief, GATE GOURMET, INC. and/or DOES' employed Plaintiffs and the Non-Exempt Employees on an hourly basis within California. On information and belief, GATE GOURMET, INC. and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiffs and the Non-Exempt Employees.

38.    GATE GOURMET, INC. and/or DOES have numerous offices and/or contacts in the State of California.

39.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names under *California Code of Civil Procedure* section 474. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this

Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

40.   Plaintiffs are informed and believe, and based thereon allege, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

III.   **CLASS ACTION ALLEGATIONS**

41.   Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to *California Code of Civil Procedure* section 382. Plaintiffs seek to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations.

Plaintiffs also seek to represent a Subclass composed of and defined as follows:

> All persons who are or have been employed by GATE GOURMET, INC. and/or DOES in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 5 hours.

> All persons who are or have been employed by GATE GOURMET, INC. and/or DOES in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours.

> All persons who are or have been employed by GATE GOURMET, INC. and/or DOES in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in

CONSOLIDATED CLASS
ACTION COMPLAINT

8

excess of 10 hours.

All persons who are or have been employed by GATE GOURMET, INC. and/or DOES in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 12 hours.

All persons who are or have been employed by GATE GOURMET, INC. and/or DOES in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 3 and one-half hours, but less than or equal to 6 hours.

All persons who are or have been employed by GATE GOURMET, INC. and/or DOES in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 5 hours, but less than or equal to 10 hours.

All persons who are or have been employed by GATE GOURMET, INC. and/or DOES in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by GATE GOURMET, INC. and/or DOES in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who separated their employment from Defendants.

All persons who are or have been employed by GATE GOURMET, INC. and/or DOES

in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in which they received a wage statement for the corresponding pay period.

All persons who are or have been employed by GATE GOURMET, INC. and/or DOES in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who were not paid for all time worked, including being subject to auto-deduct for meal periods during which they were not relieved of all duties.

42.   Plaintiffs reserve the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

43.   This action has been brought and may properly be maintained as a class action under the provisions of *California Code of Civil Procedure* section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.  This action has been brought and may properly be maintained as a collective action under the FLSA because at all relevant times, Plaintiffs and the putative class have been subjected to Defendant's common policies and/or practices of willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and overtime (time-and-a-half) rates for work more than forty (40) hours per week.

**A.**   **Numerosity**.

44.   The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that GATE GOURMET, INC. and/or DOES currently employ, and during the liability period employed, over fifty employees, all in the State of California, in positions as GATE GOURMET, INC. and/or DOES' non-exempt employees that are truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles in San Diego County and dispersed throughout California during the liability period

CONSOLIDATED CLASS
ACTION COMPLAINT

10

and who are or have been affected by GATE GOURMET, INC. and/or DOES' policies of wage theft, failure to pay all straight and overtime wages owed, failure to provide meal and/or rest periods without the appropriate legal compensation, willful failure to pay all wages due at time of separation from employment, failure to timely pay waiting time monies, failure to reimburse expenses, and knowing and intentional failure to provide accurate and itemized employee wage statements.

///

45.     Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiffs allege GATE GOURMET, INC.'S and/or DOES' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.      Commonality.**

46.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(1)     Whether GATE GOURMET, INC. and/or DOES violated the FLSA, the *California Labor Code* and/or applicable IWC Wage Orders in failing to pay employees all earned wages at the required rates for all hours worked.

(2)     Whether GATE GOURMET, INC. and/or DOES' violated the *Labor Code* and/or applicable IWC Wage Orders in automatically deducting thirty (30) minutes from its Non-Exempt Employees for each day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes.

(3)     Whether GATE GOURMET, INC. and/or DOES violated *California Labor Code* section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and *California Code of Regulations*, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)    Whether GATE GOURMET, INC. and/or DOES violated *California Labor Code* sections 226, 1174, 1175 and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7)(c) by knowingly, intentionally, and willfully failing to, among other things, accurately report compensation owed for rest period violations.

(5)    Whether GATE GOURMET, INC. and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left GATE GOURMET, INC. and/or DOES' employ or who were terminated.

(6)    Whether GATE GOURMET, INC. and/or DOES violated *California Labor Code* section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left GATE GOURMET, INC. and/or DOES' employ or who were terminated.

(7)    Whether GATE GOURMET, INC. and/or DOES violated *California Business and Professions Code* section 17200, et seq. of the by failing to pay all straight and overtime wages owed, failing to provide rest periods without compensating proposed Class Members one (1) hour's pay for every day such periods were not provided, failing to pay all wages due upon termination of employment, failing to reimburse business expenses and failing to keep accurate records of Class Members' compensation owed.

(8)    Whether GATE GOURMET, INC. and/or DOES had uniform policies and/or practices of failing to pay employees all earned wages at the regular rate for all hours worked.

(9)    Whether GATE GOURMET, INC. and/or DOES had uniform policies and/or practices of not paying Plaintiffs and Non-Exempt Employees for all time worked, including automatically deducting thirty (30) minutes for each day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes, and not paying for other time worked by Non-Exempt Employees off the clock.

(10)    Whether GATE GOURMET, INC. and/or DOES' uniform policy of automatically deduction thirty (30) minutes from its Non-Exempt Employees for each

day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes – violated the *Labor Code* and Wage Orders.

(11)     Whether GATE GOURMET, INC. and/or DOES had uniform policies and/or practices of failing to authorize, permit, and/or provide rest periods to employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(12)     Whether GATE GOURMET, INC. and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(13)     Whether GATE GOURMET, INC. and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left GATE GOURMET, INC. and/or DOES' employ or who were terminated.

(14)     Whether GATE GOURMET, INC. and/or DOES' uniform policies violate Wage Order No. 9-2001 and *California Labor Code* section 226.7.

(15)     Whether GATE GOURMET, INC. and/or DOES wrongly converted Plaintiffs' and proposed Class members' wages and/or monies to their own use.

(16)     Whether GATE GOURMET, INC. and/or DOES fraudulently represented to Plaintiffs and members of the proposed Class that all wages would be paid in order to induce Plaintiffs and the Class they seek to represent into believing all wages would be paid and to induce Plaintiffs and the Class they seek to represent to work for longer hours.

(17)     Whether GATE GOURMET, INC. and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiffs and members of the proposed Class wages they are owed.

(18)     Whether GATE GOURMET, INC. and/or DOES violated *California Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders and *California Code of Regulations*, Title 8, section 11090, by not

CONSOLIDATED CLASS
ACTION COMPLAINT

relieving Non-Exempt Employees from all duties during a 30-minute meal period and not counting the time as time worked.

(19)     Whether GATE GOURMET, INC. and/or DOES violated *California Code of Regulations*, Title 8, section 11090, subsection 11(B) by not providing second meal periods to Plaintiffs and members of the proposed Class.

(20)     Whether GATE GOURMET, INC. and/or DOES violated *California Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders and *California Code of Regulations*, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

(21)     Whether GATE GOURMET, INC. and/or DOES' uniform policies of establishing and scheduling tasks to be completed in overly demanding time frames resulted in GATE GOURMET, INC. and/or DOES not providing meal and rest breaks, in that said policies pressured its Non-Exempt Employees to complete their assigned tasks within rigorous time frames and not take meal and rest breaks and/or not legally provide meal periods.

(22)     Whether GATE GOURMET, INC. and/or DOES' uniform policies of establishing and scheduling tasks to be completed in overly demanding time frames resulted in GATE GOURMET, INC. and/or DOES pressuring its Non-Exempt Employees to complete their tasks within the rigorous time frames and not take meal breaks.

(23)     Whether GATE GOURMET, INC. and/or DOES' uniform policies of establishing and scheduling tasks to be completed in overly demanding time frames resulted in GATE GOURMET, INC. and/or DOES discouraging its Non-Exempt Employees from taking meal periods.

(24) Whether GATE GOURMET, INC. and/or DOES' uniform policies of

establishing and scheduling tasks to be completed in overly demanding time frames resulted in GATE GOURMET, INC. and/or DOES impeding its Non-Exempt Employees from taking meal periods.

(25)   Whether GATE GOURMET, INC. and/or DOES' uniform policies of establishing and scheduling tasks to be completed in overly demanding time frames resulted in GATE GOURMET, INC. and/or DOES pressuring its Non-Exempt Employees to forego taking meal periods.

(26)   Whether GATE GOURMET, INC. and/or DOES' had a pattern and practice of pressuring its Non-Exempt Employees to complete assigned tasks within time frames that made it impractical for Non-Exempt Employees to be relieved of all duties for thirty (30) minute meal periods and/or ten (10) minute rest breaks.

(27)   Whether the inexistence of a policy allowing a second meal period in shifts of over five (5) hours resulted in GATE GOURMET, INC. and/or DOES Non-Exempt Employees not being provided a second meal period in accordance with the *Labor Code* and Wage Orders.

(28)   Whether the inexistence of a policy allowing a third rest period in shifts of over ten (10) hours resulted in GATE GOURMET, INC. and/or DOES' Non-Exempt Employees not being authorized and permitted to take a rest period in shifts of over ten (10) hours in accordance with the *Labor Code* and Wage Orders.

(29)   Whether GATE GOURMET, INC. and/or DOES had a uniform policy of failing to pay Non-Exempt Employees for all straight and overtime wages owed.

(30)   Whether GATE GOURMET, INC. and/or DOES violated *California Labor Code* sections 510, 1194, and other provisions by shaving time and failing to pay all straight time and overtime wages owed.

(31)   Whether GATE GOURMET, INC. and/or DOES owe civil penalties pursuant to *California Labor Code* section 2698, et seq., for the reasons complained of herein.

CONSOLIDATED CLASS
ACTION COMPLAINT

15

(32)     Whether GATE GOURMET, INC. and/or DOES violated *California Labor Code* section 2802 by not reimbursing employees for business expenses.

47.    The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

48.    Each of said respective work practices and/or policies were uniform throughout all of GATE GOURMET, INC. and/or DOES' California locations during the class period.

49.    Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.     Typicality.**

50.    The claims of the named Plaintiffs are typical of the claims of the proposed Class.  Plaintiffs and all members of the proposed Class sustained injuries and damages arising out of and caused by GATE GOURMET, INC. and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

51.    Plaintiffs were subjected to the same uniform policies and/or practices that affected all such employees.

52.    Throughout the statutory period, GATE GOURMET, INC. and/or DOES' uniform policies and/or practices resulted in said employees not being compensated for all straight time and overtime wages.

53.    Throughout the statutory period, GATE GOURMET, INC. and/or DOES' had uniform policies and/or practices of not paying Plaintiffs and Non-Exempt Employees for all time worked, including automatically deducting thirty (30) minutes from its employees for each day worked, regardless of whether the employees were relieved of all duties for thirty (30) minutes, and not paying Non-Exempt Employees for other time worked off the clock, resulting in said employees not being compensated for all earned wages

54.    As a result of GATE GOURMET, INC. and/or DOES' uniform policies and/or practices of not paying wages due for all time worked, Plaintiffs and the Non-Exempt Employees were not paid the wages owed to them. Thus, Plaintiffs and the Non-Exempt Employees are owed their earned wages.

55.    Throughout the statutory periods, GATE GOURMET, INC. and/or DOES had uniform policies of pressuring Plaintiffs and the Non-Exempt Employees to not take meal and/or rest breaks.

56.    As a result of said uniform policies and/or practices of pressure, Plaintiffs and the Non-Exempt Employees

regularly did not take meal and/or rest periods and/or worked during meal and/or rest periods.

57. Throughout the statutory period, GATE GOURMET, INC. and/or DOES had uniform policies and/or practices of discouraging Plaintiffs and the Non-Exempt Employees from taking meal and/or rest periods.

58. As a result of said uniform policies and/or practices of discouragement, Plaintiffs and the Non-Exempt Employees regularly did not take meal and/or rest periods and/or worked during meal and/or rest periods.

59. Throughout the statutory period, GATE GOURMET, INC. and/or DOES' had uniform policies and/or practices encouraging Plaintiffs and the Non-Exempt Employees of working during meal and/or rest periods.

60. As a result of said uniform policies and/or practices of encouraging Plaintiffs the Non-Exempt Employees to work during rest periods, Plaintiffs and the Non-Exempt Employees did not take meal and/or rest periods and/or worked during meal and/or rest periods.

61. Throughout the statutory period, GATE GOURMET, INC. and/or DOES' had uniform policies and/or practices of impeding Plaintiffs and the Non-Exempt Employees from taking meal and/or rest periods.

62. As a result of said uniform policies and/or practices of impeding Plaintiffs and the Non-Exempt Employees from taking rest periods, Plaintiffs and the Non-Exempt Employees did not take meal and/or rest periods and/or worked during meal and/or rest periods.

63. Throughout the statutory period, GATE GOURMET, INC. and/or DOES had uniform policies and/or practices of not satisfying its obligation to authorize and permit rest periods and/or provide meal periods to Plaintiffs and the Non-Exempt Employees.

64. As a result of said uniform policies and/or practices Defendants and/or DOES had of not satisfying its obligations to authorize and/or permit rest periods, Plaintiffs and the Non-Exempt Employees regularly either did not receive meal and/or rest periods and/or worked during meal and/or rest periods.

65. Throughout the statutory period, GATE GOURMET, INC. and/or DOES' had uniform policies and/or practices resulted in said employees not being provided with accurate and itemized wage statements.

66. As a result of GATE GOURMET, INC. and/or DOES' uniform policies and/or practices of not providing employees with accurate and itemized wage statements, Plaintiffs and the Non-Exempt Employees were not provided with accurate and itemized wage statements. Thus, Plaintiffs and the Non-Exempt Employees

are owed appropriate penalties.

67. Throughout the statutory period, GATE GOURMET, INC. and/or DOES' had uniform policies and/or practices that resulted in employees not being timely paid all wages owed to them at the time they left GATE GOURMET, INC. and/or DOES' employ, or were terminated.

68. As a result of GATE GOURMET, INC. and/or DOES' uniform policies and/or practices of not paying all wages owed at the time of termination, Plaintiffs and the Non-Exempt Employees were not paid the wages owed to them in a timely manner when they left GATE GOURMET, INC. and/or DOES' employ or were terminated. Thus, Plaintiffs and the Non-Exempt Employees who left GATE GOURMET, INC. and/or DOES' employ or were terminated during the statutory period are owed waiting time penalties.

**D.   Adequacy of Representation.**

69. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.

70. Plaintiffs are ready and willing to take the time necessary to help prosecute this case.

71. Plaintiffs have no conflicts that will disallow her to fairly and adequately represent and protect the interests of the members of the class.

72. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

**E.   Superiority of Class Action.**

73. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of GATE GOURMET, INC. and/or DOES' illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, knowingly and intentionally failing to comply with wage statement requirements, and failing to pay all wages due at termination.

74. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its

CONSOLIDATED CLASS                                        18
ACTION COMPLAINT

maintenance as a class action.

75. Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

**IV.  <u>CAUSES OF ACTION</u>**

**First Cause of Action Against GATE GOURMET, INC. and/or DOES: Failure to Pay All Straight Time Wages**

76. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

77. Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked. For example, Defendants and/or DOES have a continuous and consistent policy of including but not limited to clocking-out Plaintiffs and those similarly situated for a thirty (30) minute meal period, even though Plaintiffs and all members of the Class work through their meal periods.

78. Thus, GATE GOURMET, INC. and/or DOES shave/steal earned wages from Plaintiffs and each and every member of the Class each and every day they work without being paid for all hours worked.

79. Plaintiffs and those similarly situated Class members are informed and believe and thereon allege that GATE GOURMET, INC. and/or DOES breached the legal duty to pay full wages to Plaintiffs and Non-Exempt Employees by not paying Plaintiffs and Non-Exempt Employees for all time worked, including but not limited to automatically deducting a portion of the wages earned when Plaintiffs' and the Class members' actual time records indicated that a meal period was not taken. GATE GOURMET, INC. and/or DOES devised an auto-meal deduct practice, manual method, electronic system, payroll system and/or a computer program to edit the actual hours reported by Plaintiffs and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day and/or Plaintiffs and the Class members were not relieved of all duties and not paying for other hours that were worked off the clock. GATE GOURMET, INC. and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiffs and Class members. GATE GOURMET, INC. and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes

called "dinging," "shaving," or "scrubbing" and is prohibited by law. GATE GOURMET, INC. and/or DOES also failed to pay for the overtime that was due pursuant to *Labor Code* 510 and 1194 and IWC Wage Order No. 9-2001, subsection 3(A).

80.    Plaintiffs and the Class members are informed and believe and thereon allege that as a direct result of the conduct of GATE GOURMET, INC. and DOES, systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiffs and the Class members have suffered, and continue to suffer, substantial unpaid wages, including overtime, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel GATE GOURMET, INC. and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

81.    GATE GOURMET, INC. and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiffs and the Class members. GATE GOURMET, INC. and/or DOES acted with malice or in conscious disregard of Plaintiffs' and the Class members' rights. Plaintiffs and the Class members are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial. Plaintiffs are also entitled to any penalties allowed by law.

82.    As a direct result of GATE GOURMET, INC. and/or DOES' policy of illegal wage theft, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

83.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Second Cause of Action Against GATE GOURMET, INC. and/or DOES: Failure to Pay Overtime**

84.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

85.    It is fundamental that an employer must pay its employees for all time worked. *California Labor Code* sections 218 and 218.5 provides a right of action for nonpayment of wages. *California Labor Code* section 222 prohibits the withholding of part of a wage. *California Labor Code* section 223 prohibits the pay of less than a statutory or contractual wage scale. *California Labor Code* section 1197 prohibits the payment of less than the minimum wage. *California Labor Code* section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is

expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

86. GATE GOURMET, INC. and/or DOES failed to pay overtime when employees worked over 8 hours per day and when employees worked over 40 hours per week.

87. Plaintiffs and those similarly situated Class members were employed by GATE GOURMET, INC. and/or DOES at all relevant times. GATE GOURMET, INC. and/or DOES were required to compensate Plaintiffs for all hours worked and were prohibited from not paying for all hours worked and/or making deductions that had the effect of reducing the agreed upon wage.

88. Plaintiffs and those similarly situated Class members are informed and believe and thereon allege that GATE GOURMET, INC. and/or DOES, by the afore-mentioned conduct, breached the legal duty to pay full wages to Plaintiffs and Non-Exempt Employees for all time worked, including failing to including but not limited to automatically deducting a portion of the wages earned when Plaintiffs' and the Class Members' actual time records indicated that a meal period was not taken. GATE GOURMET, INC. and/or DOES devised a computer program to edit the actual hours reported by Plaintiffs and the Class Members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day. GATE GOURMET, INC. and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiffs and the Class Members. GATE GOURMET, INC. and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law. GATE GOURMET, INC. and/or DOES also failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 9-2001, subsection 3(A).

89. Plaintiffs and the Class Members are informed and believe and thereon allege that as a direct result of the afore-mentioned actions of GATE GOURMET, INC. and DOES, systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiffs and the Class Members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel GATE GOURMET, INC. and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial.

GATE GOURMET, INC. and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiffs and the Class Members. GATE GOURMET, INC. and/or DOES acted with malice or in conscious disregard of Plaintiffs' and the Class Member's rights. In addition to compensation, Plaintiffs are also entitled to any penalties allowed by law.

90.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Third Cause of Action Against GATE GOURMET, INC. and/or DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

91.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

92.   Under *California Labor Code* section 512 and IWC Wage Order No. 9-2001, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

93.   In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

94.   Under *California Labor Code* section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

95.   GATE GOURMET, INC. and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five (5) consecutive hours. As such, GATE GOURMET, INC. and/or DOES' non-exempt employees were required to work well over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

96.   GATE GOURMET, INC. and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to

its Non-Exempt Employees for every five (5) continuous hours worked.

97.     GATE GOURMET, INC. and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not reasonably be completed in their assigned shift, work, and/or route, resulting in Non-Exempt Employees routinely and regularly being forced to eat their meals while driving and/or while working their routes.

98.     Throughout the statutory period, GATE GOURMET, INC. and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiffs and those similarly situated not breaking route to take meal periods.

99.     Throughout the statutory period, GATE GOURMET, INC. and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in GATE GOURMET, INC. and/or DOES' pressuring Non-Exempt Employees to complete their routes and/or tasks within the rigorous time frames and not take meal breaks.

100.    Throughout the statutory period, GATE GOURMET, INC. and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in GATE GOURMET, INC. and/or DOES discouraging Non-Exempt Employees from taking meal periods.

101.    Throughout the statutory period, GATE GOURMET, INC. and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in GATE GOURMET, INC. and/or DOES impeding Non-Exempt Employees from taking meal periods.

102.    Throughout the statutory period, GATE GOURMET, INC. and/or DOES valued productivity over providing meal periods and, because of this, meal breaks were not priorities to GATE GOURMET, INC. and/or DOES.

103.    Because of GATE GOURMET, INC. and/or DOES' demanding policies on route and/or completion times, Plaintiffs and those similarly situated felt that breaking to exercise their rights to take meal periods would sacrifice their jobs with GATE GOURMET, INC. and/or DOES.

104.    Based on GATE GOURMET, INC. and/or DOES' demanding route and/or task completion time policies, Plaintiffs and those similarly situated routinely worked through their meal periods, which compromised the health and welfare of, not only Plaintiffs and those similarly situated, but all members of the general public.

CONSOLIDATED CLASS                           23
ACTION COMPLAINT

105.   Throughout the statutory period, GATE GOURMET, INC. and/or DOES had no policy that advised Plaintiffs and those similarly situated of their right to take a second meal period.

106.   GATE GOURMET, INC. and/or DOES thereby failed to provide an additional thirty (30) minute uninterrupted meal period for Non-Exempt Employees on days where they worked in excess of ten (10) hours.

107.   Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, GATE GOURMET, INC. and/or DOES willfully violated the provisions of *California Labor Code* sections 226.7, 512, and IWC Wage Order No. 9-2001.

108.   As a result of the unlawful acts of GATE GOURMET, INC. and/or DOES, Plaintiffs and the Class they seek to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to *California Labor Code* sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, 9-2001. Plaintiffs and the Class they seek to represent did not willfully waive their right to take meal periods through mutual consent with GATE GOURMET, INC. and/or DOES.

109.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Fourth Cause of Action Against GATE GOURMET, INC. and/or DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

110.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

111.    GATE GOURMET, INC. and/or DOES failed to authorize and permit Non-Exempt Employees to take ten (10) minute rest periods every four (4) hours worked, or major fraction thereof.

112.   GATE GOURMET, INC. and/or DOES failed to provide ten (10) minute paid rest breaks to Non-Exempt Employees for each four (4) hours worked, or major fraction thereof.

113.   In the alternative, GATE GOURMET, INC. and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed within their assigned shift, work, and/or route, resulting in Non-Exempt Employees routinely and regularly being forced to work through their rest periods.

114.   Throughout the statutory period, GATE GOURMET, INC. and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiffs and those similarly situated not breaking route to take rest periods.

115.   Because of GATE GOURMET, INC. and/or DOES' demanding policies en route and/or task completion times, Plaintiffs and those similarly situated felt that breaking to exercise their rights to take rest breaks would sacrifice their jobs with GATE GOURMET, INC. and/or DOES.

116.   Throughout the statutory period, GATE GOURMET, INC. and/or DOES' uniform policies and practices resulted in Non-Exempt Employees not receiving rest breaks.

117.   Throughout the statutory period, GATE GOURMET, INC. and/or DOES valued productivity over providing rest periods and, because of this, rest periods were not priorities to GATE GOURMET, INC. and/or DOES.

118.   Throughout the statutory period, GATE GOURMET, INC. and/or DOES' policies promoting productivity subjugated Plaintiffs' and those similarly situated's rights to rest periods.

119.   Based on GATE GOURMET, INC. and/or DOES' demanding route policies, Plaintiffs and those similarly situated routinely worked through their rest periods, which compromised the health and welfare of, not only Plaintiffs and those similarly situated, but all members of the general public.

120.   Throughout the statutory period, GATE GOURMET, INC. and/or DOES had no policy that advised Plaintiffs and those similarly situated of their rights to take an additional rest periods in shifts exceeding ten (10) hours in a day.

121.   Thus, Plaintiffs and those similarly situated had no way of knowing they were to be authorized and permitted a ten (10) minute rest period when working in excess of ten (10) hours a day.

122.   By its failure to authorize and permit Class Members to take rest periods for every four (4) hours or major fraction thereof worked per day, GATE GOURMET, INC. and/or DOES willfully violated provisions of *California Labor Code* section 226.7 and IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001. Plaintiffs and the Class Members they seek to represent did not willfully waive their right to take rest periods through mutual consent with GATE GOURMET, INC. and/or DOES.

123.   As a result of the unlawful acts of GATE GOURMET, INC. and/or DOES, Plaintiffs and the Class they

CONSOLIDATED CLASS
ACTION COMPLAINT

25

seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, under *California Labor Code* sections 226, 226.7, and IWC Wage Orders Nos. 9-1998, 9-2000, 9-2001.

124.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Fifth Cause of Action Against GATE GOURMET, INC. and/or DOES: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 4; Cal. Code Regs., Title 8, § 11040)**

125.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

126.   *California Labor Code* section 226 subdivision (a) requires Defendants and/or DOES to, inter alia, to itemize in wage statements and to accurately report the total hours worked and total wages earned. GATE GOURMET, INC. and/or DOES have knowingly and intentionally failed to comply with *California Labor Code* section 226, subdivision (a), on each and every wage statement provided to Plaintiffs Alfonso Little and Shantel Gates  and members of the proposed Class.

127.   *California Labor Code* section 1174 requires GATE GOURMET, INC. and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. GATE GOURMET, INC. and/or DOES have knowingly and intentionally failed to comply with *California Labor Code* section 1174. The failure of GATE GOURMET, INC. and/or DOES, and each of them, to comply with *California Labor Code* section 1174 is unlawful pursuant to *Labor Code* section 1175.

128.   GATE GOURMET, INC. and/or DOES failed to maintain accurate time records - as required by subsection 7 of IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001 and *California Code of Regulations*, Title 8, section 11090 - showing, among other things, when the employee begins and ends each work period, the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

129.   As a direct result of GATE GOURMET, INC. and/or DOES' unlawful acts, Plaintiffs and the class they intend to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to *California Labor Code* section 226.

130.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Sixth Cause of Action Against GATE GOURMET, INC. and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (<u>Lab. Code §§ 201-203</u>)**

131.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

132.   Plaintiffs terminated their employment with GATE GOURMET, INC. and/or DOES.

133.   Whether Plaintiffs voluntarily or involuntarily terminated their employment with GATE GOURMET, INC. and/or DOES, Defendants and/or DOES did not timely pay him straight time wages, overtime wages, meal period premiums, and/or rest period premiums, owed at the time of his termination.

134.   Numerous members of the Class are no longer employed by GATE GOURMET, INC. and/or DOES. They were either fired or quit GATE GOURMET, INC. and/or DOES' employ. GATE GOURMET, INC. and/or DOES did not pay all timely wages owed at the time of their termination.

135.   *Labor Code* section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with *California Labor Code* sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

///

136.   GATE GOURMET, INC. and/or DOES failed to pay Plaintiffs Alfonso Little and Shantel Gates a sum certain at the time of their termination or within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of *California Labor Code* section 203, Plaintiffs are entitled to a penalty in the amount of their daily wage, multiplied by thirty (30) days.

137.   When Plaintiffs and those members of the Class who are former employees of GATE GOURMET, INC. and/or DOES separated from GATE GOURMET, INC. and/or DOES' employ, Defendants and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of termination.

138.   GATE GOURMET, INC. and/or DOES' failure to pay said wages to Plaintiffs and members of the Class

they seek to represent, was willful in that GATE GOURMET, INC. and/or DOES' and each of them knew the wages to be due, but failed to pay them.

139.   As a consequence of GATE GOURMET, INC. and/or DOES' willful conduct in not paying wages owed at the time of separation from employment, Plaintiffs and the members of the proposed Class are entitled to thirty (30) days worth of wages as a penalty under *Labor Code* section 203, together with interest thereon and attorneys' fees and costs.

140.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Seventh Cause of Action Against GATE GOURMET, INC. and/or DOES: Violation of Unfair Competition Law <u>(California Bus. & Prof. Code, § 17200, et seq.)</u>**

141.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

142.   GATE GOURMET, INC. and/or DOES' failure to pay all straight time and overtime wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited by *California Business and Professions Code* section 17200, et seq.

143.   The actions of GATE GOURMET, INC. and/or DOES in failing to pay Plaintiffs and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of *California Business and Professions Code* section 17200, et seq.

144.   Plaintiffs are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiffs bring this cause individually and as members of the general public actually harmed and as a representative of all others subject to GATE GOURMET, INC. and/or DOES' unlawful acts and practices.

145.   As a result of their unlawful acts, GATE GOURMET, INC. and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiffs and the proposed Class they seek to represent. GATE GOURMET, INC. and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiffs and the members of the proposed Class pursuant to *California Business and*

*Professions Code* section 17203. Plaintiffs are informed and believe, and thereon allege that Defendants and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiffs and members of the proposed class.

146.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the proposed class are prejudiced GATE GOURMET, INC. and/or DOES' unfair trade practices.

147.    As a direct and proximate result of the unfair business practices of GATE GOURMET, INC. and/or DOES, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiffs and members of the proposed Class as a result of the business acts and practices described herein and enjoining GATE GOURMET, INC. and/or DOES from engaging in the practices described herein.

148.    The illegal conduct alleged herein is continuing, and there is no indication that GATE GOURMET, INC. and/or DOES will cease and desist from such activity in the future. Plaintiffs allege that if GATE GOURMET, INC. and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

149.    Plaintiffs further request that the Court issue a preliminary and permanent injunction prohibiting GATE GOURMET, INC. and/or DOES from continuing to not pay Plaintiffs and the members of the proposed Class overtime wages as discussed herein.

150.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Eighth Cause of Action Against GATE GOURMET, INC. and/or DOES: Penalties pursuant to Labor Code §2698, et seq.**

151.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

152.    Pursuant to Labor Code §2699(a) (which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") (or any of its departments, divisions, commissions, board agencies or employees), such civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of

himself or herself and other current or former employees) and Labor Code §2699(f) (which establishes a civil penalty for violations of all Labor Code provisions except those for which a civil penalty is specifically provided), the members of all Classes seek recovery of all applicable civil penalties, as follows:

    a.   As applicable, civil penalties under Labor Code §558 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code §§1-556, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, with all wages recovered pursuant to Labor Code §558 provided to the aggrieved employees;

    b.   As applicable, civil penalties under Labor Code §226.3 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each violation of Labor Code §226(a), in the amount of $250 for each aggrieved employee per pay period for each violation and $1,000 for each aggrieved employee per pay period for each subsequent violation;

    c.   As applicable, civil penalties under Labor Code §256 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for any aggrieved employee who was discharged or quit, and was not paid all earned wages at termination in accordance with Labor Code §§201, 201.1, 201.5, 202, and 205.5, in the amount of a civil penalty of one day of pay, at the same rate, for each day that he or she was paid late, until payment was/is made, up to a maximum of thirty (30) days;

    d.   As applicable, civil penalties under Labor Code §2699(f), for all violations of the Labor Code except for those for which a civil penalty is specifically provided, in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation; and

    e.   Any and all additional applicable civil penalties and sums as provided by the Labor Code and/or other relevant statutes.

153.   In addition, Plaintiffs seek and are entitled to seventy-five percent (75%) of all penalties obtained under Labor Code §2699 to be allocated to the LWDA, for education of employers and employees about their

rights and responsibilities under the Labor Code, and twenty-five percent (25%) to all aggrieved employees.

154.   Further, Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to Labor Code §§2699(g)(1), 218.5, 1194(a), and any other applicable statute.

155.   Labor Code §2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

156.   Labor Code §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

157.   Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code §2699.5 and violations of provisions other than those listed in Labor Code §2699.5. As such, Labor Code §2699.3(a) and §2699.3(c) apply to this action.

158.   On June 29, 2016, Plaintiffs complied with Labor Code §2699.3(a) and Labor Code §2699.3(c) in that Plaintiffs gave written notice by certified mail to the LWDA and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit "1" is Plaintiffs' LWDA letter.

159.   Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1).

Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

160. As of August 1, 2016 (33 calendar days after Plaintiffs' LWDA letter was mailed via certified mail), Plaintiffs had not received any notification that the LWDA intended to investigate the alleged violations. As such, Plaintiffs have complied with <u>Labor Code</u> §2699.3(a) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to <u>Labor Code</u> §2699.

161. Further, as of August 1, 2016 (33 calendar days after Plaintiffs' LWDA letter was mailed via certified mail), Plaintiffs have not received from Defendants written notice by certified mail that the alleged violations have been cured, including a description of actions taken. As such, Plaintiffs have complied with <u>Labor Code</u> §2699.3(c) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to <u>Labor Code</u> §2699.

**Ninth Cause of Action Against Gate Gourmet, Inc. and/or DOES: Failure to Reimburse Business Expenses (Lab Code <u>§§ 221, 2802</u>)**

162. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

163. An employer shall indemnify employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of the employees' duties, or the employees' obedience to the directions of the employer. Further, an employer shall not collect or receive from an employee any part of wages theretofore paid by employer to employee.

164. Defendcant and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiffs and the Class members for expenses for company and/or business related purposes.

165. Defendant and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiffs and the Class Members for expenses incurred as a direct consequence of the discharge of their work duties.

166. Defendant and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiffs and the Class Members for expenses incurred in direct consequence of employees'

obedience to the directions of Defendant and/or DOES.

167.    Defendant and/or DOES have had a continuous policy and/or practice of deducting wages, earned bonuses and/or incentives from employees.

168.    Said continuous policy and/or practice of failing to reimburse Plaintiffs and Class Members and deducting wages from employees is illegal under *California Labor Code* sections 221 and 2802.

169.    As a direct result of Defendant's and/or DOES' policy of failing to reimburse Plaintiffs and Class Members and deducting wages from employees, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

170.    Wherefore, Plaintiffs and the Class they seek to represent request relief as described below.

**Tenth Cause of Action Against GATE GOURMET, INC. and/or DOES: Failure to Pay Wages Under the Fair Labor Standards Act ("FLSA")**

171.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

172.    Plaintiffs bring this Cause of Action for violations of the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. Section 201, on behalf of all persons similarly situated individuals.

173.    At all relevant times, Plaintiffs and the other Class members are and have had been subjected to Defendant's common policies and/or practices of not paying them at least the minimum wage for all time worked.

174.    At all relevant times, Plaintiffs and the putative class have been subjected to Defendant's common policies and/or practices of willfully failing and refusing to pay them at the legally required overtime (time-and-a-half) rates for work more than forty (40) hours per week.

175.    This claim for relief is properly brought and maintained as a collective action pursuant to Section 16(b) of the FLSA 29 U.S.C. 216(b). The representative group of employees are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available and retrievable from Defendant's own records.

176.    Defendant's failure to pay wages as alleged in this claim for relief was, and continues to be, willful within the meaning of the FLSA. Plaintiffs and the other class members are entitled to liquidated (double)

damages as provided by the FLSA for the overtime and minimum wage violations alleged herein.

177.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

## V.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    That the Court determine that this action may be maintained as a class action;

2.    For compensatory damages, in an amount according to proof at trial, with interest thereon;

3.    For economic and/or special damages in an amount according to proof with interest thereon;

4.    For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

5.    For compensation for all time worked;

6.    For compensation for not being provided paid rest breaks;

7.    For compensation for not being provided paid meal periods;

8.    For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

9.    For all waiting time penalties owed;

10.    That Defendants be found to have engaged in unfair competition in violation of *California Business and Professions Code* section 17200, et seq.;

11.    That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to *California Business and Professions Code* sections 17203 and 17204;

12.    That an order of specific performance of all penalties owed be issued under *California Business and Professions Code* sections 17202;

13.    That Defendants be enjoined from continuing the illegal course of conduct, alleged herein;

14.    That Defendants further be enjoined to cease and desist from unfair competition in violation of *California Business and Professions Code*, section 17200, et seq.;

15.    That Defendants be enjoined from further acts of restraint of trade or unfair competition;

16.    For civil penalties pursuant to <u>Labor Code</u> §2699(f), in addition to and entirely independent and

CONSOLIDATED CLASS
ACTION COMPLAINT

34

apart from other penalties in the <u>Labor Code</u> and for <u>Labor Code</u> violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

17.    For civil penalties pursuant to <u>Labor Code</u> §558, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, as follows:

    i    For any initial violation, fifty dollars ($50) for each aggrieved underpaid employee for each pay period for which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages;

    ii.    For each subsequent violation, one hundred dollars ($100) for each aggrieved underpaid employee for each pay period for which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages; and

    iii.  For all unpaid wages, to be paid to the aggrieved employees;

        1.    For civil penalties per <u>Labor Code</u> §226.3, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation;

        2.    For civil penalties per <u>Labor Code</u> §256, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, in the amount of one day of pay, at the same rate, for each day that an aggrieved employee was paid late, at the time of termination, until payment was/is made, up to a maximum of thirty (30) days;

        3.    For reasonable attorneys' fees and costs incurred pursuant to <u>Labor Code</u> §§2699(g)(1) and any other applicable statute;

18.    For attorneys' fees;

19.    For interest accrued to date;

20.    For costs of suit and expenses incurred herein; and

1

21.      For any such other and further relief as the Court deems just and proper.

2

Dated: April 4, 2017                                   **THE TURLEY LAW FIRM, APLC**

3                                                      **LAW OFFICES OF KEVIN T. BARNES**

4

5
                                                       */s/ Jill Vecchi*_____
6                                                      William Turley, Esq.
                                                       Dave Mara, Esq.
7                                                      Jill Vecchi, Esq.
                                                       Kevin T. Barnes, Esq.
8                                                      Gregg Lander, Esq.
                                                       Representing Plaintiffs Alfonso Little and Shantel Gates
9                                                      on behalf of themselves, all others similarly situated,
                                                       and on behalf of the general public.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Case Name:*      **Alfonso Little v. Gate Gourmet, Inc., and Does 1-100**
*Court:*          **Southern District of California**
*Case Number:*    **3:16-cv-01084**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of: San Diego, State of California.

I am over the age of 18 and not a party to the within action; my business address is: 7428 Trade Street San Diego, CA 92121

On April 7, 2017 I served the foregoing document(s) described as:

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**

On interested parties addressed as follows:

Diana Tabacopoulos
dtabacopoulos@seyfarth.com
David D. Jacobson
djacobson@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Telephone: (310) 277-7200
Fax No: (310) 201-5219

Rocio Herrera
rherrera@seyfarth.com
SEYFARTH SHAW LLP
333 S. Hope Street, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 270-9600
Fax No: (213) 270-9601

**[XX] VIA CM/ECF ELECTRONIC FILING SYSTEM:** On, April 7, 2017, I transmitted via the Internet a true copy(s) of the above-entitled document(s) to the CM/ECF system of the United States District Court of the Southern District of California and concurrently caused the above-entitled document(s) to be sent to the recipients listed above pursuant to the Service list maintained by and as it exists on that database. This will constitute service of the above-listed document(s).

**[XX] (DECLARATION)** I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Dated: April 7, 2017

Alyssa Walker

PAGE 1 OF 1