UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO LITTLE, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GATE GOURMET, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 3:16-cv-01084-L-AGS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION [Doc. 70] FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

　　　In this putative class action, Alfonso Little and Shantel Gates (collectively "Plaintiffs") allege that Defendant Gate Gourmet, Inc. ("Defendant") violated provisions of the California Labor Code, the California Business and Professions Code, and the Fair Labor Standards Act ("FLSA") by failing to pay all owed straight time and overtime wages, failing to provide rest and meal periods or compensatory premium payments, and by failing to provide adequate pay stubs, pay upon termination of employment, and reimbursement of business expenses. (FAC [Doc. 67].) Following a full day mediation session, the parties have reached a settlement agreement. (See Joint Stipulation of Settlement and Release [Doc. 70-3].) Plaintiff now moves for preliminary approval of the proposed class settlement, the terms of which are set forth in the Joint Stipulation of Settlement and Release. Defendants do not oppose the requested relief. (Non-Opposition [Doc. 72].)

1

Having read and considered Plaintiff's Motion, including the Joint Stipulation of Settlement and Release and other attached exhibits, the Court **GRANTS** Plaintiff's Motion as follows:

1. The Court grants preliminary approval of the settlement of this action, based upon the terms set forth in the Joint Stipulation of Settlement and Release on file herein. The settlement appears to be fair, reasonable, and adequate as contemplated by Federal Rule of Civil Procedure 23(e)(2).

2. The Court finds that this Action meets the class certification requirements of Federal Rules of Civil Procedure 23(a) and (b)(3). Accordingly, and solely for the purposes of the proposed settlement, the Class is provisionally certified as follows: "all persons who are, have been, or will be employed by Defendant in a non-exempt position in California at any time during the period of March 30, 2012 through the date of Preliminary Approval." It shall be an opt-out class.

3. The Court confirms CPT Group, Inc. as the claims administrator.

4. Having found the requirements of Federal Rule of Civil Procedure 23(g) met, the Court appoints William Turley, David Mara, Jill Vecchi, Kevin T. Barnes, Gregg Lander, and Emil Davtyan as Class Counsel, solely for the purposes of the proposed settlement.

5. The Court confirms Alfonzo Little and Shantel Gates as the Class Representatives, solely for the purposes of the proposed settlement.

6. The Court approves, as to form and content, the **(a)** Joint Stipulation Of Settlement And Release (Doc. 70-3); and **(b)** Notice of Class And Collective Action Settlement (Doc. 70-4). This approval is conditional on adoption of the dates listed in paragraph 7 below.

7. The Court orders the following schedule of dates for further proceedings:
   a. First Mailing of Notice, etc., to the Class:               October 30, 2017

   b. Deadline to postmark Objections and /or Opt-Out:     December 14, 2017

| | |
|---|---|
| c. Filing date for Briefs For Attorney's Fees Request and Request for Reimbursement of Costs: | November 27, 2017 |
| d. Filing date for Plaintiff's motion for final Approval of Class Settlement: | January 29. 2018 |
| e. The Final Fairness Hearing and Approval Hearing, and the Hearing on the Request of Class Counsel for Approval of Attorneys' Fees and Expenses: | February 12, 2018 at 11am. |

8. The Court finds that the distribution of the Notice of Class And Collective Action Settlement in the manner and form set forth in the Joint Stipulation Of Settlement And Release and this Order satisfies due process requirements and the requirements of Rule 23(c)(2) and (e)(1), is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

9. The Court reserves the right to adjourn or continue the date of the Fairness Hearing and all dates provided for in the Settlement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

10. Plaintiffs motion for final approval of the settlement must include the required and customary filings. In addition, the motion papers shall include (1) an affidavit evidencing Defendant's compliance with the Class Action Fairness Act notice requirement under 28 U.S.C. § 1715, including responses from any government officials to the notice; and (2) the claims administrator's affidavit regarding compliance with its duties under the settlement and this Order, a copy of the notice sent to the class, a report on the number of class members to whom Notice was sent, the number of undelivered notices, efforts to locate correct addresses for undelivered notices after the first mailing, number of notices sent to the updated addresses in a second mailing, the number of such notices returned undelivered, the number of class members to whom payment will be made, and the average class member payment.

11. As of the date this Order is signed, all dates and deadlines associated with the Action shall be stayed, other than those related to the administration of the Settlement.

**IT IS SO ORDERED.**

Dated: September 25, 2017

_____
Hon. M. James Lorenz
United States District Judge

4

3:16-cv-01084-L-AGS

11. As of the date this Order is signed, all dates and deadlines associated with the Action shall be stayed, other than those related to the administration of the Settlement.

**IT IS SO ORDERED.**

Dated: September 25, 2017

_____
Hon. M. James Lorenz
United States District Judge